IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:23-cv-61628-RLR

LAWRENCE A. CAPLAN,
BARRY BUTIN and
MICHAEL STRIANESE

        Petitioners,

v.

DONALD J. TRUMP

        Respondent

## FIRST AMENDED AND RESTATED COMPLAINT AND REQUEST FOR DECLARATORY RELIEF

Petitioner now comes before this honorable Court seeking declaratory relief on the specific issue of whether candidate Donald J. Trump is indeed constitutionally prohibited from seeking a second term as President of the United States. Encompassed within this request for declaratory relief is a further determination as to whether candidate Trump is indeed even eligible to participate in the upcoming Florida Republican Party Primary scheduled for next spring in 2024.

In bringing this request for declaratory relief Petitioner has carefully studied the specific provisions of the U.S. Constitution which govern whether an individual who participates in an overt rebellion and/or insurrection against the U.S. government is effectively disqualified from service in the federal government, whether as a Representative, U.S. Senator, Vice-President or President of the United States.

For purposes of standing, Petitioner asserts that he had actively participated in the last twelve Presidential elections dating back to 1976 when he cast his first vote at the age of eighteen. It should be noted that in the course of these 12 Presidential elections, Petitioner has cast his vote for both Democratic and Republican tickets and was a registered Independent for many years. Petitioner is a legal resident of the state of Florida and a U.S. citizen by birth. Petitioner has also been a member of the Florida Bar since 1984, the State Bar of California since 1985, the Oregon State Bar since 1997, and is currently a member of the U.S. Tax Court, the U.S. District Court for the Southern District of Florida, the 11th Circuit Court of Appeals and the United States Supreme Court. Petitioner has never been sanctioned or suspended by any court.

Petitioner, Lawrence Caplan is a citizen of the United States and a legal resident of the state of Florida an is over the age of eighteen years. Petitioner, Barry Butin, is a U.S. citizen and is a legal resident of the state of Florida and is over the age of eighteen years. Petitioner, Michael Strianese, is a U.S. citizen and is a legal resident of the state of Nevada and is over the age of eighteen years.

Defendant/Respondent Donald J. Trump was the 45th President of the United States and is a legal resident of the state of Florida and is over the age of eighteen years.

For standing to be had, there must be a concrete injury suffered by the Plaintiffs as a result of the Defendant's conduct. In this case, Defendant Trump was indicted by the D.C. Grand Jury for conspiracy to violate rights as incorporated in Section 241 of Title 18 of the U.S. Code. Further, Trump was indicted for corrupt obstruction of an official proceeding and conspiracy to commit that same crime. Both of these crimes are provisions of Section 1512 and any conviction under that statute is punishable by up to twenty years in prison.  Indeed, in light of these indictments, plaintiffs would suffer serious harm if Trump were allowed to again run for the

Presidency and possibly prevail in that effort. Secondly, there must be a showing of actual or imminent harm, which is clearly met by the mere fact that the Republican primary season will be upon us in a matter of months and it is incumbent on the courts to determine whether Trump is indeed now ineligible to run for federal office. Individual voters have the right to know whether their votes will actually count or whether they should instead cast their votes for a candidate who will be eligible to run for the office sought. Next, there must be a showing of causation, i.e. that the individual whose right to run for federal office has triggered the possible disqualification as is set out in Section Three of the 14th Amendment. Finally, there must be a showing that the Court has the power to resolve the issue before it, i.e. that it has the legal authority to disqualify the candidate for being involved in an insurrection or abject interference with the electoral process and has violated his Constitutional oath of office. There can be little doubt that this Court indeed maintains this authority.

      The facts of this case are undeniably simple. Donald J. Trump served as the 45th President of the United States having won the election in 2016 and was inaugurated on January 20, 2017. He served for four years until he lost the 2020 Presidential Election to Joseph R. Biden, Jr. who took office on January 20, 2021. President Trump chose not to appear at the inauguration of his successor, having left for his estate in South Florida while the ceremony was taking place.

      On January 6, 2021, after giving a speech to a throng on the Ellipse near the Capitol, President Trump exhorted the throng to march to the Capitol and told them that he would be right there with them. After he was finished with his speech, Trump returned to the White House and watched he later events unfold on television. As we are well aware, the throng marched on the Capitol, forced their way into the Capitol building, ransacked the rotunda area, and even made their way into several offices of representatives and senators. As the confirmation of the

results of the election were being undertaken in the House, alarms went off and the members scurried into safe tunnels and secure rooms in the basement of the Capitol. Of note. Vice President Mike Pence missed being reached by some of the throng by a matter of seconds as he made his way down the stairwell to a secure area. Eventually, several high-ranking members of the government were shuttled to a safe area at Fort McNair in SW Washington.

Of note, President Trump had sent out a tweet the day before claiming that "January 6th will be wild". Trump also later remarked that the insurrectionists who had breached the Capitol were "special" and that "we love you". He also later remarked that had Vice-President Pence simply done his job and refused to certify the results of the election that everything would have been fine. Not for several hours were the National Guard called in to quell the insurrection as allegedly President Trump refused to do so and had been mesmerized by the events that were taking place on his television at the White House.

Since the events of January 6th, hundreds of insurrectionists have been charged and tried and convicted on charges ranging from simple mischief to assault and battery upon Capitol police officers. A number of individuals actually lost their lives that day as a result of the mayhem.

Recently, the Special Counsel, Jack Smith, who had been appointed by the U.S. Attorney General, submitted his findings on the events of January 6th, to an empaneled grand jury in D.C. which returned indictments against President Trump for, among other things, insurrection against the U.S. federal government. Trump was arraigned on these charges and now awaits trial sometime in 2024 or perhaps 2025.

It should be noted at least cursorily that Trump has also been formally indicted on charges of holding top secret documents at his home in Palm Beach, Florida, which is a federal

offense, and ahs also been indicted by the City of Manhattan and State of Georgia for other election related crimes. However, none of these other crimes have the effect of preventing President Trump from seeking reelection in November, 2024, save the possibility of the indictment in Georgia which involved state election fraud.

Besides Section Three of the 14th Amendment, 18 USC 2383 also speaks to the specific issue of disqualification of eligibility to run for higher office. The pertinent language of the statute states that "whoever incites a rebellion or insurrection can be fined and can be barred from running for office." This language closely tracks that of the 14th Amendment.

## THE LAW ON THE MATTER OF INCITING INSURRECTION AGAINST THE FEDERAL GOVERNMENT

The Fourteenth Amendment to the U.S. Constitution was ratified in 1868 in the shadow of the Civil War and was designed to represent a new birth of freedom for previously disenfranchised citizens. Of particular note, Section 3 of the 14th Amendment, automatically excludes from future office and position of power in the U.S. government and as well, from any office and position of power in the sovereign states and their many subdivisions, any individual who has previously taken an oath to support and defend our Constitution and after which acts so as to rebel against that charter, either via overt insurrection or by giving aid or comfort to the Constitutions' enemies.

In carefully analyzing this language embedded in the Constitution, numerous legal scholars have wrangled with the preeminent issue of whether an actual conviction is necessary to trigger the prohibition of running for office. This so-called "disqualification clause" has been determined to operate completely independently of any pending criminal proceedings and also

independent of any impeachment proceedings or congressional legislation. Former federal judge Michael Luttig of the U.S. Court of Appeals for the Fourth Circuit and noted legal scholar Laurence Tribe have both come to the inescapable conclusion that the "disqualification clause" was designed to operate directly and immediately upon this certain individuals who betray their oaths to the U.S. Constitution, whether by taking up arms to overturn our government or by waging war on our federal government by attempting to overturn the results of a presidential election through a bloodless coup.

President Trump's efforts both in Washington, as well as in Georgia and perhaps other states, as well as the consequential assault on the US Capitol, put Trump at the center of the disqualification clause, and as a result of which, make him ineligible to ever serve in federal office again. Now given that the facts seem to be crystal clear that Trump was involved to some extent in the insurrection that took place on January 6th, the sole remaining question is whether American jurists who swear an oath to uphold the US Constitution upon their entry to the bench, will choose to follow the letter of the Constitution in this case.

Of particular note in this regard is that during his one term in office, President Trump had the opportunity to appoint three new Supreme Court justices to the high court. Each of these three jurists, Justice Neil Gorsuch, Justice Brett Kavanaugh and Justice Amy Coney Barrett are viewed as conservative jurists who err on the side of a strict construction of the US Constitution. In their decision to overturn the long standing case law of Roe v.Wade, the justices found that there was no "right of privacy" imbued in the Constitution and none could be fashioned out of whole cloth. Rather the most difficult decisions that the Court is forced to make such as whether a woman has the inherent right to abort her unborn child, is one that must be decided by looking at a very strict construction of the Constitution as our Founding Fathers saw fit to provide.

If in fact Donald J. Trump were to be reelected, how could any US citizen trust that he would decide to uphold the Constitutional oath of office that h=e would take upon his inauguration. Last December, former President Trump posted on Truth Social, his determined view that the last presidential election in 202 was a "massive fraud" one that "allows for the termination of all rules, regulations and articles, even those found in the Constitution". These words are simply chilling and substantiate the need to fully employ the guardrails which were put into place when the 14th Amendment was enacted back in 1868.

Furthermore, there is now recent legal precedent for the application of the language of Section Three of the 14th Amendment in order to bar an individual who has been accused of insurrection from holding state office. In the case of the State of New Mexico v. Couy Griffin, which was decided by the State of New Mexico First Judicial District Court, it was determined that Couy Griffin, a participant in the attack on the US Capitol on January 6, 2021, was effectively barred from serving as Otero County Commissioner as a result of his prior actions. In this case, Section Three of the 14th Amendment was again viewed by the Court as being self-executing, i.e. no congressional law needed to be passed and the mere fact that Griffin had been formally accused of insurrection was enough to bar him from holding state office.

Interestingly enough, Section 3 of the 14th Amendment, which provides for the disqualification of an individual who commits insurrection against our government has remained on the books for some one hundred and fifty plus years without ever facing question as to its legitimacy. While one can certainly argue that it has not been thoroughly tested, that fact is only because we have not faced an insurrection against our federal government such as the one while we faced on January 6, 2021. It should also be noted that President Trump has since made

statements to the effect that should he be elected, he would advocate the total elimination of the US Constitution and the creation of a new charter more in line with his personal values.

The 14th Amendment was promulgated and subsequently ratified in the context of post - Civil War America when even after losing the Civil War, southern states were sending men to Congress who had held prominent roles in the Confederacy and supported acts of insurrection against the U.S.

Any number of top legal scholars, including but not limited to Judge Luttig and Laurence Tribe conclude that Section 3 requires absolutely no legislation, criminal conviction or other judicial action to enforce its command. In legal terms, Section 3 is completely "self-executing". They conclude that disqualification subject to Section 3 does not constitute a punishment or a deprivation of any "liberty" or " right" as much as one who fails to satisfy the Constitution's qualifications does not have an absolute right to serve in a public office much less the presidency. Lastly, the scholars conclude that Section 3 is expansive and all-encompassing is what it regards as "insurrection or rebellion" against the constitutional order of the United States. There can be little doubt in view of former President Trump's statement prior to January 6th, along with his exhortations to the assembled throng on the Ellipse on January 6, 2021, that he fully supported the rebellion against the Congressional attempt to certify the election. Indeed, Trump stated that the cries by the throng to "hang Mike Pence" were justified because Pence did not have the guts to agree to refuse to certify the electoral votes which had previously been cast in the fifty states.

Taken along these same lines, had it been conclusively proven that Barack Obama had not been born in Hawaii but rather outside of the U.S., the Constitution would have conclusively barred him from seeking the Presidency. And Petitioner is convinced that there would have been

no "wiggle room" to allow him to escape that Constitutional requirement. Furthermore, had President Trump merely been thought by many individuals to have engaged in an insurrection against the federal government, that would not have been enough to trigger Section 3 of the 14th Amendment. However, the mere fact that he has been formally indicted for various felonies including insurrection, corrupt obstruction of a federal proceeding and conspiracy against the federal government mandates that Section 3 of the 14th Amendment now be triggered.

The bottom line here is that President Trump both engaged in an insurrection and also gave aid and comfort to other individuals, such as the Proud Boys and Oath Keepers who were engaging in such actions, within the clear meaning of those terms as defined in Section Three of the 14th Amendment. Assuming that the public record to date is accurate, and we have no evidence to the contrary, Trump is no longer eligible to seek the office of the President of the United States, or the office of any other state of the Union. Trump has legally forfeited that right as a result of his specific actions which have led to his indictment on several charges after thorough investigation by the Special Counsel.

As such, this Court having the innate power to rule as to the tenets of the U.S. Constitution, is abjectly required to find that Donald J. Trump's actions with respect to the January 6th uprising, and specifically the fact that he has been indicted for said acts, have effectively disqualified him from seeking the office of the President of the United States, and effectively barred him from participation in the Florida Republican primary for President next spring. While Petitioner fully understands that his seeking this declaratory judgment places great pressure on the jurists who will be tasked with hearing this case, we believe that the law is abundantly clear as to the issues at bar, is entirely self-executing in nature, and that if the jurists

are ready to follow the specific language of the US Constitution in this regard, the decision should be a relative easy one to make.

WHEREFORE, Petitioner respectfully asks this honorable Court to enter a declaratory judgment such that Donald J, Trump is barred from seeking the office of President of the United States and further, is barred from participating in the Republican Presidential primary in Florida in the spring of 2024.

Respectfully submitted,


Ss/Lawrence Caplan/
LAWRENCE A. CAPLAN. P.A.
1375 Gateway Blvd.
Boynton Beach, FL 33426
Telephone: 561.245.0763
E-Mail: lacaplanlaw@bellsouth.net