UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-61628-ROSENBERG

LAWRENCE A. CAPLAN,
BARRY BUTIN, and
MICHAEL STRIANESE,

    Plaintiffs,

v.

DONALD J. TRUMP,

    Defendant.
_____/

## ORDER OF DISMISSAL

THIS CAUSE is before the Court on the Amended Complaint of Plaintiffs, Lawrence A. Caplan, Barry Butin, and Michael Strianese, against Defendant, Donald J. Trump. DE 7. Plaintiffs ask the Court to enter a declaratory judgment barring Defendant from (1) seeking the office of President of the United States and (2) participating in the Florida Presidential primary election in 2024. *Id.* at 1, 10. Plaintiffs assert that Defendant is ineligible to serve as President under the Fourteenth Amendment because of his alleged participation in events that took place at the United States Capitol on January 6, 2021, and related activities. *Id.* at 5-6. The Court concludes that it lacks subject matter jurisdiction and dismisses the Complaint.

Under the federal Declaratory Judgment Act, 28 U.S.C. § 2201(a), the Court has "substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Id.* at 288; *see also Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95 n.17 (1993) ("[T]he Declaratory Judgment Act affords

the district court some discretion in determining whether or not to exercise that jurisdiction, even when it has been established."); *Nat'l Trust Ins. Co. v. S. Heating & Cooling, Inc.*, 12 F.4th 1278, 1281 (11th Cir. 2021) ("As the permissive text suggests, a district court has discretion in deciding whether to entertain an action under the Act."); *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1260 (11th Cir. 1997) (district court is authorized in its discretion to dismiss an action seeking a declaratory judgment). As explained below, the Court exercises its discretion to dismiss the Amended Complaint for lack of jurisdiction because Plaintiffs lack standing.

This Court has "an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Inquiry into standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998)). Thus, this Court has jurisdiction over a case only if the plaintiff has standing to sue. *See Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims, and the court is powerless to continue." *CAMP Legal Def. Fund., Inc. v. City of Atlanta*, 451 F.3d 1257, 1269 (11th Cir. 2006) (internal citation and quotation omitted).

"A generalized interest of all citizens in constitutional governance does not suffice to confer

standing on one such citizen." *Sibley v. Obama*, 866 F. Supp. 2d 17, 20 (D.D.C. 2012) (citing additional cases). To have standing, a plaintiff must show he has a "personal stake" in the alleged dispute and that the injury is "particularized" to him. *Id.* (quoting *Raines v. Byrd*, 521 U.S. 811, 819 (1997) ("We have consistently stressed that a plaintiff's complaint must establish that he has a 'personal stake' in the alleged dispute, and that the alleged injury suffered is particularized as to him.")). "[E]ven in a proceeding which he prosecutes for the benefit of the public . . . [the plaintiff] must generally aver an injury peculiar to himself, as distinguished from the great body of his fellow citizens." *Lance v. Coffman*, 549 U.S. 437, 440 (2007) (quoting *Tyler v. Judges of Court of Registration*, 179 U.S. 405, 406 (1900)).

Here, Plaintiffs lack standing to challenge Defendant's qualifications for seeking the Presidency, as the injuries alleged are not cognizable and not particular to them. Plaintiffs allege that they have standing because Plaintiff Caplan has actively participated in the last twelve Presidential elections, voted for both Republicans and Democrats, is a Florida resident and United States citizen, is an attorney and member of various courts, and has never been sanctioned. DE 1 at 2. Plaintiffs further allege that Plaintiff Butin is a Florida resident and United States citizen and Plaintiff Strianese is a Nevada resident and United States citizen. *Id.* Plaintiffs allege they will suffer injury if Defendant is allowed to run for President and prevail when he could be disqualified or removed from office. *Id.* at 2-3. However, an individual citizen does not have standing to challenge whether another individual is qualified to hold public office. *See, e.g., Kerchner*, 612 F.3d at 207; *Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009).

In *Berg*, the plaintiff, an attorney representing himself, filed a complaint seeking declaratory and injunctive relief in district court before the 2008 Presidential election, alleging that then-candidate Barack Obama was ineligible to run for President because he was not a "natural born citizen" within

3

the meaning of Article II. *Berg*, 586 F.3d at 237. The district court observed that "[s]tanding has been a consistent barrier to lower courts hearing generalized, undifferentiated claims by voters and citizens," and noted various cases in which citizens attempted to challenge a Presidential candidate's eligibility for office or other governmental actions but lacked standing. *Berg v. Obama*, 574 F. Supp. 2d 509, 517 (E.D. Pa. 2008) (citing, *e.g. Ex parte Levitt*, 302 U.S. 633 (1937) (per curiam) (citizen and member of Supreme Court bar "merely a general interest common to all members of the public" and lacked standing to challenge appointment and confirmation of Supreme Court Justice)); *Jones v. Bush*, 122 F. Supp. 2d 713, 716-18 (N.D. Tex. 2000) (voters did not have standing to assert a Twelfth Amendment violation that allegedly infringed on their right to cast meaningful votes, and court explained that "plaintiffs conspicuously fail to demonstrate how they, as opposed to the general voting population, will feel its effects."); *Hollander v. McCain*, 566 F. Supp. 2d 63, 69 (D.N.H. 2008) (voters lacked standing to challenge Senator John McCain's eligibility for President and to exclude him from the Presidential primaries, and court stated that "voters have no standing to complain about the participation of an ineligible candidate in an election.")). The court concluded that an alleged injury "stemming from a presidential candidate's failure to satisfy the eligibility requirements of the Natural Born Citizen Clause is not concrete or particularized enough to constitute an injury in fact sufficient to satisfy Article III standing." *Berg*, 574 F. Supp. 2d at 518.

The Third Circuit affirmed the district court's rulings in *Berg* and reiterated that the plaintiff "suffered no injury particularized to him" and, therefore, lacked standing. *Berg*, 586 F.3d at 239. Courts throughout the United States have uniformly concluded that citizens do not have standing to bring lawsuits challenging a candidate's eligibility for national office. *See, e.g., Drake v. Obama*, 664 F.3d 774, 778, 780-84 (9th Cir. 2011) (group of military personnel, state representatives, political candidates, and individual citizens did not have standing to challenge President Obama's eligibility to

hold office); *Chapman v. Obama*, 719 F. App'x 13 (D.C. Cir. 2018) (per curiam) ("The district court correctly concluded that appellant lacked standing to challenge President Barack Obama's qualifications for holding office."); *Const. Ass'n Inc. by Rombach v. Harris*, No. 20-cv-2379, 2021 WL 4442870, at *2-3 (S.D. Cal. Sept. 28, 2021) (finding plaintiffs lacked standing to challenge Vice President Kamala Harris' eligibility for office and dismissing case); *Christie v. President of the United States*, 532 F. App'x 88, 89 (3d Cir. 2013) (plaintiff lacked standing to assert claims that President committed treason); *Fischer v. Cruz*, No. 16-cv-1224, 2016 WL 1383493, at *2-3 (E.D.N.Y. Apr. 7, 2016) (finding plaintiff lacked standing to challenge Senator Ted Cruz's eligibility for President and citing additional cases dismissed for lack of standing).

Further, at least two courts have concluded that citizens attempting to disqualify individuals from participating in elections or from holding office based on the January 6, 2021 events at the United States Capitol lacked standing. *See, e.g., Stencil v. Johnson*, 605 F. Supp. 3d 1109 (E.D. Wis. 2022). In *Stencil*, the plaintiffs sought a declaratory judgment that three members of Wisconsin's Congressional delegation were ineligible to serve under the Fourteenth Amendment because their participation in the January 6 attack constituted an insurrection against the United States. *Id.* at 1112-13. Among other things, the court determined that the plaintiffs lacked standing and explained that "[e]very citizen and voter could claim to have suffered the same injury as the plaintiffs here, which amounts to nothing more than engaging in political advocacy against candidates for office or issue advocacy against the views the candidates hold. The relief that the plaintiffs seek would no more directly and tangibly benefit them than it would the public at large." *Id.* at 1117. *See also Hill v. Mastriano*, No. 22-2464, 2022 WL 16707073, at *1 (3d Cir. Nov. 4, 2022) (plaintiff seeking declaratory judgment disqualifying defendant from running for governor based on January 6, 2021 events lacked standing, rendering claim subject to dismissal). The *Hill* court also noted that "the

5

appropriate process for testing title to public office" is a writ of quo warranto, which must be filed in the United States District Court for the District of Columbia and may only be filed by the sovereign or a representative thereof. *See id*. at *2; D.C. Code § 16-3503; *Drake*, 664 F.3d at 784-85.

Plaintiffs in this case similarly lack standing and, thus, this Court lacks jurisdiction. Accordingly, the Court exercises its discretion under the Declaratory Judgment Act, along with its obligation to examine its own jurisdiction, to dismiss this case.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Plaintiffs' Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. The Clerk of the Court is instructed to **CLOSE THIS CASE**. All pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 31st day of August, 2023.

                                                  ROBIN L. ROSENBERG
                                                UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record